# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
202.747.1900 main
202.747.1901 fax
www.sheppardmullin.com

Paul A. Werner
202.747.1931 direct
202.747.3817 fax
pwerner@sheppardmullin.com

April 12, 2014

***VIA ECF FILING***

The Honorable Lyle W. Cayce
United States Court of Appeals
Fifth Circuit
Office Of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

**Re:   No. 23-50419, *Charter Communications, Inc., et al. v. Prewitt Management, Inc., et al.*, Letter Brief On Subject Matter Jurisdiction In Response To The Court's Directive (Dkt. #64)**

Dear Mr. Cayce:

The District Court properly exercised federal question *and* diversity jurisdiction over this litigation, and this Court has jurisdiction now.  28 U.S.C. §§ 1331, 1332(a), 1367.

Appellees alleged, and litigated through trial, federal claims regarding Tex. Util. Code § 66.004(f).  They asserted that interpreting that section to require Charter to pay Appellants beyond the life of certain city permits violated the Cable Act (47 U.S.C. § 542(b)), the First Amendment, the Equal Protection Clause, and the Contracts Clause.  ROA.27, 29, 34, 39-45, 77, 291, 293-94, 298-99, 303-08, 1214-

**Sheppard**Mullin

Hon. Lyle W. Cayce
April 12, 2024
Page 2

22, 1227-28, 1234-40, 1462-65, 1470-71, 1476-80, 2183-84, 2191-92, 2197, 2204-11, 3254, 3266, 3272-79, 3324-25, 3343-50, 3728-29, 3737-40, 3763-65, 3824, 3845, 3864-73, 3887-3975, 4229-32, 4361-67, 4377-87, 4395-4405; *see Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

Charter's federal claims were substantial. ROA.4032-33; *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). That the District Court ruled on narrower state law grounds did not deprive the court of jurisdiction. *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014). Charter's claims, involving contract interpretation in light of Section 66.004(f), related to and derived "from a common nucleus of operative fact." 28 U.S.C. § 1367(a); *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 206 (5th Cir. 2018); ROA.1462-81, 1940-51, 2072-74, 3763-65, 3824-80. They were "fully developed and ripe for disposition," and the "court was familiar with the merits of the case, which had been pending for more than [*four*] years" following trial. *See Ash v. Flowers Foods, Inc.*, No. 23-30356, 2024 WL 1329970, at *4 (5th Cir. Mar. 28, 2024); ROA.22-24; *Mendoza v. Murphy*, 532 F.3d 342, 346-47 (5th Cir. 2008) (holding district court properly retained jurisdiction over state law claims after federal claims dismissed).

**Sheppard**Mullin

Hon. Lyle W. Cayce
April 12, 2024
Page 3

Diversity jurisdiction existed too.  Appellants are citizens of Texas and California.  ROA.4611, 5982-6028.  Charter Communications, Inc., is a publicly-held Delaware corporation with its principal place of business in Connecticut.  ROA.493-536, 4435(D-10), 4469, 4610.  And public information (Ex. A here) shows that, throughout the case, the incorporated members of Time Warner Texas, LLC (n/k/a Spectrum Gulf Coast LLC), were formed in Delaware and New York with principal places of business in Connecticut and New York.  Cmplt., ¶¶ 13-14, 19, *Spectrum Gulf Coast LLC v. City Pub. Serv. of San Antonio*, No. 5:22-cv-94-DAE (W.D. Tex. Feb. 3, 2022), ECF 1, 1-1; *see also* Ex. B.[1]

Accordingly, the Court has jurisdiction to decide the appeal, and in the interests of fairness, judicial economy, and efficiency should – especially given the age of the case and the presiding judge's retirement.

---

[1]  The Court may properly, and should, consider this jurisdictional information. *Kumar v. Panera Bread Co.*, No. 23-20178, 2024 WL 1216562, at *2 (5th Cir. Mar. 21, 2024) ("28 U.S.C. § 1653 provides a mechanism for amending pleadings to properly assert jurisdiction" on appeal.); *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829-30 (7th Cir. 2020); 28 U.S.C. § 1653.

**SheppardMullin**

Hon. Lyle W. Cayce
April 12, 2024
Page 4

Respectfully submitted,

By: */s/ Paul A. Werner*

Paul A. Werner
Steven P. Hollman
Imad S. Matini
Abraham J. Shanedling
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Tel: 202-747-1941
pwerner@sheppardmullin.com
shollman@sheppardmullin.com
imatini@sheppardmullin.com
ashanedling@sheppardmullin.com

D. Douglas Brothers
GEORGE BROTHERS KINCAID & HORTON LLP
114 West 7th Street, Suite 1100
Austin, TX 78701
dbrothers@gbkh.com

*Attorneys for Plaintiffs-Appellees*

**Sheppard**Mullin

Hon. Lyle W. Cayce
April 12, 2024
Page 5

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 12, 2024, the foregoing was electronically filed through this Court's CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Paul A. Werner*
Paul A. Werner

**Sheppard**Mullin

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This letter brief document with the type-volume limits set forth in the Court's April 3, 2024, Directive (Dkt. #64) because, excluding the parts of the document exempted by <u>Fed. R. App. P. 32(f)</u>, this document contains 500 words.

2.      This document complies with the typeface requirements of <u>Fed. R. App. P. 32(a)(5)</u> and the type-style requirements of <u>Fed. R. App. P. 32(a)(6)</u> because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman.

<u>*/s/ Paul A. Werner*</u>
Paul A. Werner

# EXHIBIT A

## LIST OF RELEVANT MEMBERS AND ENTITIES AFFILIATED WITH
## SPECTRUM GULF COAST LLC

As set forth fully below, the following is a listing of the relevant partners and members of Spectrum Gulf Coast LLC ("Spectrum"), and of their partners and members, and so on, all the way down, as they exist as of the date of this filing. The citizenship of Spectrum's members are ultimately traceable to three incorporated entities that are citizens of the States of Connecticut, New York, and Delaware, and described as follows:

1. Defendant Spectrum Gulf Coast LLC, is a limited liability company with one member, Time Warner Cable Enterprises, LLC. Based on this member (described below), Spectrum Gulf Coast LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

2. Time Warner Cable Enterprises LLC, is a limited liability company with one member, Time Warner Cable, LLC. Based on this member (described below), Time Warner Cable Enterprises LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

3. Time Warner Cable, LLC, is a limited liability company with one member, Charter Communications Operating, LLC. Based on this member (described below), Time Warner Cable, LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

   o Charter Communications, LLC, is a limited liability company with one member, Charter Communications Operating, LLC. Based on this member (described below), Charter Communications, LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

4. Charter Communications Operating, LLC, is a limited liability company with one member, CCO Holdings, LLC. Based on this member (described below), Charter Communications Operating, LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

5. CCO Holdings, LLC, is a limited liability company with one member, CCH I Holdings, LLC. Based on this member (described below), CCO Holdings, LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

6. CCH I Holdings, LLC, is a limited liability company with one member, CCHC, LLC. Based on this member (described below), CCH I Holdings, LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

7. CCHC, LLC, is a limited liability company with one member, Charter Communications Holding Company, LLC. Based on this member (described below), CCHC, LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

8. Charter Communications Holding Company, LLC, is a limited liability company with one member, Spectrum Management Holding Company, LLC. Based on this member (described below), Charter Communications Holding Company, LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

9. Spectrum Management Holding Company, LLC, is a limited liability company with one member, Respondent Charter Communications Holdings, LLC. Based on this member (described below), Spectrum Management Holding Company, LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

10. Charter Communications Holdings, LLC, is a limited liability company with four members: (1) Advance/Newhouse Partnership (see below at No. 11); (2) CCH Holding Company, LLC (see below at No. 12); (3) Insight Blocker, LLC (see below at No. 13); and (4) CCH II, LLC (see below at No. 14). Based on these members (described below), Charter Communications Holdings, LLC, is a citizen of the States of Connecticut, Delaware, and New York for jurisdictional purposes.

11. Advance/Newhouse Partnership is a general partnership with two partners: (1) A/NPC Holdings Sub LLC; and (2) A/NPC Holdings LLC. Based on these partners (described below), Advance/Newhouse Partnership is a citizen of the State of New York for jurisdictional purposes.

    o A/NP Holdings Sub LLC, is a limited liability company with one member, A/NPC Holdings LLC. Based on this member (described below), A/NP Holdings Sub LLC, is a citizen of the State of New York for jurisdictional purposes.

    o A/NPC Holdings LLC, is a limited liability company with two members: (1) Newhouse Cable Holdings, LLC; and (2) Advance Communications Company LLC. Based on these members (described below), A/NPC Holdings LLC, is a citizen of the State of New York for jurisdictional purposes.
      ▪ Newhouse Cable Holdings, LLC, is a limited liability company with one member, Newhouse Broadcasting Corporation. Based on this member (described below), Newhouse Cable Holdings, LLC, is a citizen of the State of New York for jurisdictional purposes.
        • Newhouse Broadcasting Corporation is a corporation formed under the laws of the State of New York with its principal place of business in New York. It therefore is a citizen of New York for jurisdictional purposes. *See* 28 U.S.C. § 1332(c)(1).

- Advance Communications Company LLC, is a limited liability company with one member, Advance Local Holdings Corp. Based on this member (described below), Advance Communications Company LLC, is a citizen of the State of New York for jurisdictional purposes.

  - Advance Local Holdings Corp. is a corporation formed under the laws of the State of New York with its principal place of business in the State of New York. It therefore is a citizen of New York for jurisdictional purposes. *See* 28 U.S.C. § 1332(c)(1).

12. CCH Holding Company, LLC, is a limited liability company with one member, Charter Communications, Inc. (described below at No. 14). Based on this member, CCH Holding Company, LLC, is a citizen of the States of Connecticut and Delaware for jurisdictional purposes.

13. Insight Blocker LLC, is a limited liability company with one member, Insight Communications Company LLC. Based on this member (described below), Insight Blocker LLC, is a citizen of the States of Connecticut and Delaware for jurisdictional purposes.

    o Insight Communications Company LLC, is a limited liability company with one member, Charter Communications, Inc. (described below). Based on this member, Insight Communications Company LLC, is a citizen of the States of Connecticut and Delaware for jurisdictional purposes.

14. CCH II, LLC, is a limited liability company with five members: (1) Charter Communications, Inc.; (2) Insight Communications Company LLC (described above as the sole member of Insight Blocker LLC); (3) Coaxial Communications of Central Ohio LLC; (4) TWC Sports Newco LLC; and (5) NaviSite Newco LLC. Based on these members, CCH II, LLC, is a citizen of the States of Connecticut and Delaware for jurisdictional purposes.

    o Charter Communications, Inc., is a publicly-held corporation formed under the law of the State of Delaware with its principal place of business in the State of Connecticut. Charter Communications, Inc., is therefore a citizen of Delaware and Connecticut for jurisdictional purposes.

    o Coaxial Communications of Central Ohio LLC, is a limited liability company with one member, Insight Communications Company LLC (described above as the sole member of Insight Blocker LLC). Based on this member, Coaxial Communications of Central Ohio LLC, is a citizen of the States of Connecticut and Delaware for jurisdictional purposes.

    o TWC Sports Newco LLC, is a limited liability company with one member, Charter Communications, Inc. (described above). Based on this member, TWC Sports Newco LLC, is a citizen of the States of Connecticut and Delaware for jurisdictional purposes.

- o NaviSite Newco LLC, is a limited liability company with one member, Charter Communications, Inc. (described above). Based on this member, NaviSite Newco LLC, is a citizen of the States of Connecticut and Delaware for jurisdictional purposes.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DYLAN KROHN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | _____ |
| **SPECTRUM GULF COAST, LLC** | § | |
| **and** | § | |
| **CHARTER COMMUNICATIONS, LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANTS' NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, 1446, in addition to Local Rule 81.1, Defendants Spectrum Gulf Coast, LLC and Charter Communications, LLC ("Defendants") file this Notice of Removal. Defendants remove this action from the 193rd District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. The Northern District of Texas has jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1332, as shown by the following:

1.      On or about September 11, 2018, Plaintiff Dylan Krohn ("Plaintiff") filed his Original Petition and Jury Demand, Cause No. DC-18-13316, 193rd District Court, Dallas County, Texas (the "State Court Action") naming Time Warner Cable Texas LLC d/b/a Spectrum and Charter Communications, LLC as Defendants.

2.      Time Warner Cable Texas LLC d/b/a Spectrum no longer exists. On February 8, 2018, the entity was converted to Spectrum Gulf Coast, LLC, which is incorporated in Delaware

**DEFENDANT'S NOTICE OF REMOVAL– Page 1**

and has a corporate headquarters located in St. Louis, Missouri.  Accordingly, Defendants have amended the caption to name the correct legal entity.

3.      Plaintiff states in his Petition that he is seeking monetary relief that exceeds the amount in controversy requirement for removal.  *See* Plaintiff's Original Petition at ¶ 32, attached as Exhibit A to Index of Documents filed with Defendants' Notice of Removal (alleging that Defendants have failed to pay sales commissions owed in the amount of $222,000.00).

4.      Defendants were served with a copy of the Summons and Complaint on September 18, 2018.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of receipt of the Petition.

5.      On October 12, 2018, Defendants filed their Answer generally denying Plaintiff's claims and asserting various affirmative defenses.

6.      At the time of the commencement of this action and at the time of removal, Plaintiff is a citizen of Dallas County, Texas and is therefore a citizen of Texas.

7.      At the time of the commencement of this action and at the time of removal, Defendant Spectrum Gulf Coast LLC is a limited liability company organized under the laws of Delaware with its principle office located at 12405 Powerscourt Drive, St. Louis, Missouri 63131, and therefore is a citizen of Delaware and Missouri.

8.      At the time of the commencement of this action and at the time of removal, Defendant Charter Communications, LLC is a limited liability company organized under the laws of Delaware with its principle office located at 12405 Powerscourt Drive, St. Louis, Missouri 63131, and therefore is a citizen of Delaware and Missouri.

9.      Accordingly, this Court has jurisdiction over this action, and the action is removable because (1) Plaintiff has alleged an amount in controversy that exceeds $75,000, and (2) complete diversity exists.  28 U.S.C. § 1332(a).

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the state court where the suit is pending is located in this district.

11.     Defendants state that this removal is well grounded in fact, warranted by existing law, and not interposed for any improper purpose.

12.     Concurrent with this filing of this notice, Defendants are serving this notice upon Plaintiff's counsel and filing a copy of the notice with the Clerk of Court of the District Court of Dallas County, Texas.

13.     Pursuant to Local Rule 81.1, Defendants file its Civil Cover Sheet and its Supplemental Cover Sheet contemporaneously herewith.  Defendants also file the following documents: (1) Defendants' Certificate of Interested Persons; (2) and index of all documents that clearly identifies each document and indicates the date the document was filed in state court; (3) a copy of the docket sheet in the State Court Action, attached to Defendants' Index as Exhibit H; and (4) each document filed in the State Court Action attached to Defendants' Index as Exhibits A–G.

14.     Plaintiff demanded a jury in the State Court Action.

**WHEREFORE,** Defendants remove this action from the 193rd District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division and respectfully request that this Court assume full jurisdiction over this action.

Dated:  October 15, 2018                    Respectfully submitted,


                                            */s/ Paulo B. McKeeby*
                                            Paulo B. McKeeby
                                            TX State Bar No. 00784571
                                            Michael A. Correll
                                            TX State Bar No. 24069537
                                            Aimee M. Raimer
                                            TX State Bar No. 24081275
                                            **MORGAN, LEWIS & BOCKIUS LLP**
                                            1717 Main Street, Suite 3200
                                            Dallas, TX  75201
                                            Tel:     214-466-4000
                                            Fax:     214-466-4001
                                            paulo.mckeeby@morganlewis.com
                                            michael.correll@morganlewis.com
                                            aimee.raimer@morganlewis.com

                                            **ATTORNEYS FOR DEFENDANTS**


                            **CERTIFICATE OF SERVICE**

        I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's CM/ECF System on this 15th day of October, 2018, as follows:

        Christine Neill
        Jane Legler Byrne
        Neill & Byrne, PLLC
        3141 Hood Street, Suite 310
        Dallas, TX  75219
        cneill@neillbyrnelaw.com
        jleglerbyrne@neillbyrnelaw.com


                                            */s/ Paulo B. McKeeby*
                                            Paulo B. McKeeby


**DEFENDANT'S NOTICE OF REMOVAL– Page 4**
DB1/ 100147021.2

# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

DYLAN KROHN                                    §
                                              §
                                              §
                                              §
v.                                            §            CASE NO. 3:18-CV-2722-S
                                              §
                                              §
SPECTRUM GULF COAST, LLC, et al.              §
                                              §

## ORDER

On October 15, 2018, Defendants Spectrum Gulf Coast, LLC and Charter Communications, LLC removed the above-captioned case to this Court on the basis of federal diversity jurisdiction [ECF No. 1]. Defendants failed to state that all of the members of Spectrum Gulf Coast and Charter Communications, both of which are LLCs, are diverse from Plaintiff such that the Court has diversity jurisdiction over the action. Accordingly, this Court requires Defendants to show cause in writing why the Court should not remand the case for want of jurisdiction.

Defendants shall have thirty (30) days from the date of this Order to show cause in writing why the Court should not remand the case for want of jurisdiction.

**SO ORDERED.**

SIGNED October _22_, 2018.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **DYLAN KROHN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-cv-02722-S** |
| | § | |
| | § | |
| **SPECTRUM GULF COAST, LLC** | § | |
| **and** | § | |
| **CHARTER COMMUNICATIONS, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE

In response to the Court's Order to Show Cause (ECF No. 5), Defendants provide the following additional information to supplement their Notice of Removal (ECF No. 1):

1.     At the time of the commencement of this action and at the time of removal, the 100% sole member of Defendant Spectrum Gulf Coast, LLC is Time Warner Cable Enterprises LLC, which is a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

2.     At the time of the commencement of this action and at the time of removal, the 100% sole member of Time Warner Cable Enterprises LLC is Time Warner Cable, LLC, which is a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

3.     At the time of the commencement of this action and at the time of removal, the 100% sole member of Time Warner Cable, LLC is Charter Communications Operating, LLC,

which is a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

4.      At the time of the commencement of this action and at the time of removal, the 100% sole member of Defendant Charter Communications, LLC is Charter Communications Operating, LLC, which, as indicated above, is a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

5.      At the time of the commencement of this action and at the time of removal, the 100% sole member of Charter Communications Operating, LLC is CCO Holdings, LLC, which is a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

6.      At the time of the commencement of this action and at the time of removal, the 100% sole member of CCO Holdings, LLC is CCH II, LLC, a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

7.      At the time of the commencement of this action and at the time of removal, the 100% sole member of CCH II, LLC is CCH I, LLC, a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

8.      At the time of the commencement of this action and at the time of removal, the 100% sole member of CCH I, LLC is CCH I Holdings, LLC, a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

9.      At the time of the commencement of this action and at the time of removal, the 100% sole member of CCH I Holdings, LLC is CCHC, LLC, a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

10.     At the time of the commencement of this action and at the time of removal, the 100% sole member of CCHC, LLC is Charter Communications Holding Company, LLC, a limited liability company organized under the laws of Delaware with its principle office located in Missouri.

11.     At the time of the commencement of this action and at the time of removal, the members of Charter Communications Holding Company, LLC are Charter Communications, Inc., a publicly held Delaware corporation with its principal place of business in Connecticut, and Charter Investment, Inc., a privately held Delaware corporation with its principle office located in Washington.

12.     The LLC entities listed above are all indirect subsidiaries of and managed by Charter Communications, Inc.

13.     Based on the foregoing, all of the members of Defendant Spectrum Gulf Coast, LLC and Defendant Charter Communications, LLC are diverse from Plaintiff, who is a citizen of Texas.

14.     Accordingly, this Court has jurisdiction over this action, and the action is removable because (1) Plaintiff has alleged an amount in controversy that exceeds $75,000, and (2) complete diversity exists.  28 U.S.C. § 1332(a).

**WHEREFORE,** Defendants respectfully request that this Court assume full jurisdiction over this action.

Dated:  November 20, 2018                Respectfully submitted,


                                         */s/ Paulo B. McKeeby*
                                         Paulo B. McKeeby
                                         TX State Bar No. 00784571
                                         Michael A. Correll
                                         TX State Bar No. 24069537
                                         Aimee M. Raimer
                                         TX State Bar No. 24081275
                                         **MORGAN, LEWIS & BOCKIUS LLP**
                                         1717 Main Street, Suite 3200
                                         Dallas, TX  75201
                                         Tel:    214-466-4000
                                         Fax:    214-466-4001
                                         paulo.mckeeby@morganlewis.com
                                         michael.correll@morganlewis.com
                                         aimee.raimer@morganlewis.com

                                         **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served upon all counsel of record via the Court's CM/ECF System on this 20th day of November,

2018, as follows:

>Christine Neill
>Jane Legler Byrne
>Neill & Byrne, PLLC
>3141 Hood Street, Suite 310
>Dallas, TX 75219
>cneill@neillbyrnelaw.com
>jleglerbyrne@neillbyrnelaw.com

>>>>/s/ Paulo B. McKeeby
>>>>Paulo B. McKeeby